IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WINSLOW SHAW,<br>    Plaintiff | No. 3:05cv242 |
| | (Judge Munley) |
| v. | |
| HICKORY FARMS, INC., SUPERIOR<br>NUT & CANDY CO., ACUITY,<br>    Defendants | |

## MEMORANDUM

Before the Court for disposition are three motions: Plaintiff Winslow Shaw's ("Shaw") motion to appoint counsel, Shaw's motion to amend, and the defendants' joint motion to dismiss. For the following reasons, we will deny Shaw's motion to appoint counsel. Additionally, we will deny Shaw's motion to amend and the defendants' joint motion to dismiss as moot.

**Background**[1]

Shaw is a prisoner in the State Correctional Institute at Dallas, Dallas, Pennsylvania ("SCI-Dallas"). While incarcerated, he purchased a bag of chocolate covered peanuts from Defendant Hickory Farms, Inc. ("Hickory"). The peanuts were manufactured and packaged by Defendant Superior Nut & Candy Co. ("Superior Nut"). Upon opening the bag, Shaw bit down on what he presumed was a chocolate covered peanut, but actually was a chocolate covered twig. As a result, Shaw suffered damage to his teeth and required extensive dental

---

[1] The following background facts are derived from the complaint. We make no finding as to the truthfulness of these allegations; we merely present them as background.

work. Thus, he seeks damages from Hickory, Superior Nut, and Superior Nut's insurer, Defendant Acuity.

**Jurisdiction**

Plaintiff alleges that this Court has jurisdiction pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332. The plaintiff is a Pennsylvania Citizen. He alleges that Hickory is an Ohio corporation with a principle place of business in Ohio, Superior Nut is an Illinois corporation with a principle place of business in Illinois, and defendant Acuity is a Wisconsin corporation with a principle place of business in Wisconsin. Because we are sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Motion to Appoint Counsel**

The law provides that the court may request an attorney to represent a party unable to employ counsel. 28 U.S.C. § 1915; Local Rule of Civil Procedure 83.34.1-83.34.4. The Court of Appeals for the Third Circuit has delineated the following factors to consider in determining whether counsel should be appointed to a *pro se* civil litigant: 1) whether the plaintiff's claim contains arguable merit; 2) whether the *pro se* litigant has demonstrated the ability of presenting his own case; 3) the difficulty of the particular legal issues; 4) the degree to which a factual investigation will be required and the ability of the indigent plaintiff to pursue such investigation; and 5) the extent to which the case is likely to turn on credibility

determinations. Tabron v. Grace, 6 F.3d 147, 156 (3d Cir. 1993).  The court further noted that significant practical restraints temper the court's ability to appoint counsel and that volunteer lawyer time is a precious commodity.  Because volunteer lawyer time is limited, every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer for a deserving cause. Id. at 157.

Bearing these standards and factors in mind, we have determined that the petitioner's motion should be denied.  At this early stage of the litigation, Shaw has demonstrated an ability to present appropriate arguments and respond to the opposition's motions.  His claim involves a single tort cause of action, which will involve little to no factual investigation, as Shaw has control over the primary factual evidence involved in determining liability and damages.  Thus, in light of relative simplicity of the complaint, Shaw's demonstrated ability to address the issues, and the significant practical restraints on our ability to appoint counsel, Shaw's motion is denied.

**Motion to Amend**

The defendants seek to dismiss the case for lack of jurisdiction.  They assert that Plaintiff's complaint fails to state a sufficient amount in controversy.  Shaw's complaint indicates that this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Pursuant to this statutory section, jurisdiction is proper in federal district court where the action involves citizens of different states and an amount in controversy, exclusive of interest and costs, in excess of $75,000.00.  See 28 U.S.C. § 1332(a). The defendants note that Shaw's complaint

seeks $30,000 and thus does not satisfy the jurisdictional threshold.

Shaw responds with his motion for leave to file an amended complaint, to amend the amount in controversy to $75,000. We will deny this motion as moot because leave of court is unnecessary at this juncture. A plaintiff may amend his complaint once without leave of court if no responsive pleading has been filed. FED. R. CIV .P. 15(a). The defendants have filed solely a motion to dismiss, which is not a responsive pleading. Centifanti v. Nix, 865 F.2d 1422, 1431 n.9 (3d. Cir. 1989). Therefore, we will order that plaintiff's complaint is amended to reflect that he seeks $75,000.

As the defendants' motion to dismiss addresses the original complaint and seeks dismissal for lack of jurisdiction, Shaw's amendment renders this motion moot. Therefore, we will dismiss the motion without prejudice, so as to allow the defendants to respond to the amended complaint. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WINSLOW SHAW, | : | No. 3:05cv242 |
|         Plaintiff | : | |
| | : | (Judge Munley) |
|     v. | : | |
| | : | |
| HICKORY FARMS, INC., SUPERIOR | : | |
| NUT & CANDY CO., ACUITY, | : | |
|         Defendants | : | |

## ORDER

AND NOW, to wit, this 23 day of May 2005, it is hereby ORDERED that:

1) Plaintiff's motion to appoint counsel (Doc. 13) is **DENIED**;

2) Plaintiff's motion to for leave to amend (Doc. 14) is **DENIED** as moot because Plaintiff may amend his complaint at this juncture without leave.

3) Plaintiff's complaint (Doc. 1) is hereby amended as of the date of this order to reflect that he seeks $75,000 in damages;

4) Defendants' motion to dismiss for lack of jurisdiction (Doc. 11) is **DENIED** without prejudice.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court

5