# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WINSLOW SHAW,** | : | No. 3:05cv242 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| **HICKORY FARMS, INC., SUPERIOR** | : | |
| **NUT & CANDY CO., ACUITY,** | : | |
| Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the Court for disposition is Defendant Acuity's motion to dismiss Plaintiff Winslow Shaw's *pro se* complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). This matter has been fully briefed and is ripe for disposition. For the following reasons, we will deny the motion.

### I. Background[1]

Shaw is a prisoner in the State Correctional Institute at Dallas, Pennsylvania ("SCI-Dallas"). While incarcerated, he purchased a bag of chocolate covered peanuts from Defendant Hickory Farms, Inc. ("Hickory"). The peanuts were manufactured and packaged by Defendant Superior Nut & Candy Co. ("Superior Nut"). Upon opening the bag, Shaw bit down on what he presumed was a chocolate covered peanut, but actually was a chocolate covered twig. As a result, Shaw suffered damage to his teeth that required extensive dental work. Thus, he seeks damages from Hickory, Superior Nut, and Superior Nut's insurer, Defendant Acuity.

### II. Jurisdiction

---

[1] The following background facts are derived from the complaint. We make no finding as to the truthfulness of these allegations; we merely present them as background.

Plaintiff alleges that this Court has jurisdiction pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332.  The plaintiff is a Pennsylvania citizen.  He alleges that Hickory is an Ohio corporation with a principle place of business in Ohio, Superior Nut is an Illinois corporation with a principle place of business in Illinois, and defendant Acuity is a Wisconsin corporation with a principle place of business in Wisconsin.  He alleges that the amount in controversy exceeds $75,000.  Because we are sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case.  Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

### III.     Standard

When a 12(b)(6) motion is filed, the sufficiency of a complaint's allegations are tested.  The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted.  In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff.  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  "A court should not dismiss a complaint under Rule 12(b)(6) for failure to state a claim for relief 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief.'"  Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 559 (3d Cir. 2002) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

### IV.     Discussion

Acuity argues that Plaintiff cannot state a direct claim against the insurer of an alleged

tortfeasor. "It is well-settled that under Pennsylvania law, an injured party has no right to directly sue the insurer of an alleged tortfeasor unless a provision of the policy or statute create[s] such a right." Apalucci v. Agora Syndicate, Inc., 145 F.3d 630, 632 (3d Cir. 1988).

We find that dismissal at this stage would be premature because Superior Nut's insurance policy is not before the Court for consideration. Therefore, through discovery, Plaintiff may establish that the policy includes a provision allowing a direct action. Furthermore, Pennsylvania has a direct action statute allowing recovery directly against the insurer if the insured is insolvent or bankrupt. 40 P.A.C.S.A. § 117.[2] Therefore, we find that Plaintiff may establish some facts in support of his claim that would entitle him to relief, and we will deny the motion to dismiss. An appropriate order follows.

---

[2] We recognize that it is unlikely that this statute will apply because it requires that the policy be "issued or delivered" in Pennsylvania. Neither the insured nor the insurer are Pennsylvania companies. Furthermore, even if 40 Pa.C.S.A. § 117 applies, Plaintiff would also have to demonstrate that the insured is insolvent or bankrupt. However, at this stage, we may not consider either the insurance policy or the insured's financial condition because our review is limited to the pleadings.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WINSLOW SHAW,** | : | No. 3:05cv242 |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **HICKORY FARMS, INC., SUPERIOR** | : | |
| **NUT & CANDY CO., ACUITY,** | : | |
| **Defendants** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **ORDER**

**AND NOW**, to wit, this 12th day of October 2005, Defendant Acuity's motion to

dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 19) is hereby **DENIED**.


**BY THE COURT:**


**s/ James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court**