IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WINSLOW SHAW,** | : | No. 3:05cv242 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| **HICKORY FARMS, INC., SUPERIOR** | : | |
| **NUT & CANDY CO., ACUITY,** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the Court for disposition are two motions for summary judgment. The first was filed by Defendant Acuity and the second by Defendant Hickory Farms, Inc. ("Hickory Farms") and Defendant Superior Nut & Candy Co. ("Superior Nut"). These matters have been fully briefed and are ripe for disposition. For the following reasons, we will grant both motions.

**I.     Background**

Shaw is a prisoner in the State Correctional Institute at Dallas, Pennsylvania ("SCI-Dallas"). While incarcerated, he purchased a bag of chocolate covered peanuts from Hickory Farms. The peanuts were manufactured and packaged by Superior Nut. Upon opening the bag, Shaw bit down on what he presumed was a chocolate covered peanut, but actually was a chocolate covered twig. When he bit down on the twig he experienced a sharp pain and subsequently experienced a continuous, throbbing pain in the area of the tooth. (Def.'s Ex. B, Shaw Dep. 26:9-25-27:1-9, December 19, 2005.) Shaw contacted a Correctional Officer and was sent to the hospital immediately after the incident. (Id. at 17:5-

16). He was examined by a nurse or a physician's assistant and then was given a Motrin and required to sign up for dental sick call. (Id. at 1-5). Dental sick call allows a prisoner with dental problems to set up an appointment to see the prison dentist when he visits the prison. Shaw visited the prison dentist one or two days following the incident and was given another appointment. (Id. at 21:1-11). At his follow up appointment on December 18, 2003, four days following the incident, the tooth that he injured was extracted. (Id. at 22: 4-5). Thereafter, he was required to have extensive dental work. (Id. at 24: 4-7). It is undisputed that Shaw had a pre-existing dental condition and had received prior dental treatment.[1] (See id. at 46:1-6; Def.'s Ex. D, Dental Records, p. 4-7; Def.'s Ex. F, Schnoll Report, July 29, 2004.) Shaw seeks damages from Hickory Farms, Superior Nut, and Superior Nut's insurer, Defendant Acuity.

**II.    Jurisdiction**

Plaintiff alleges that this Court has jurisdiction pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332. The plaintiff is a Pennsylvania citizen. He alleges that Hickory Farms is an Ohio corporation with a principle place of business in Ohio, Superior Nut is an Illinois corporation with a principle place of business in Illinois, and defendant Acuity is a

---

[1] Shaw admits that he has a pre-existing dental condition and has received extensive prior dental work. (Shaw Dep. 46:1-6). He contends that he is not aware if the tooth in question, tooth number fifteen, was treated or diagnosed with any specific condition. (Id.). The Defendants have provided their own expert testimony which alleges that "the claimant's dentition had multiple pathologies including large and multiple dental caries as well as periodontal disease." (Schnoll Rep.) The expert also contends that tooth number fifteen, the tooth in question, appeared "severely decayed on multiple surfaces." Id.

2

Wisconsin corporation with a principle place of business in Wisconsin.  He alleges that the amount in controversy exceeds $75,000.  Because we are sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case.  Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

### III.    Standard

Granting summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  See Knabe v. Boury, 114 F.3d 407, 410 n.4 (3d Cir. 1997) (citing FED. R. CIV. P. 56(c)).  "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

In considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion.  International Raw Materials, Ltd. v. Stauffer Chemical Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the non-moving party.  Anderson, 477 U.S. at 248 (1986).  A fact is material when it might affect the outcome of the suit under the governing law.  Id.  Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet

its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. Id. at 324.

**IV.     Discussion**

**A.     Acuity**

Acuity argues that Plaintiff cannot state a direct claim against the insurer of an alleged tortfeasor. "It is well-settled that under Pennsylvania law, an injured party has no right to directly sue the insurer of an alleged tortfeasor unless a provision of the policy or statute create[s] such a right." Apalucci v. Agora Syndicate, Inc., 145 F.3d 630, 632 (3d Cir. 1998); Bell v. Slezak, 812 A. 2d 566, 573 (Pa. 2002). These exceptions do not apply in this case. The insurance policy issued by Acuity to Superior Nut contains a condition that prohibits any party or organization from bringing suit against the insurer except "to recover on an agreed settlement or on a final judgment against an insured obtained after an actual trial." (Def.'s Ex. C, Superior Nut's Acuity insurance policy, Section IV, p.3, March 24, 2005). Pennsylvania has a direct action statute allowing recovery directly against the insurer if the insured is insolvent or bankrupt. 40 P.A.C.S.A. § 117. Shaw has provided no evidence that the insured, Superior Nut, is insolvent or bankrupt. Furthermore, the Pennsylvania statute

applies only to policies "issued or delivered" in Pennsylvania. Federico v. Charterers Mut. Assur. Ass'n Ltd., 158 F. Supp. 2d 565, 573 (E.D. Pa. 2001). Acuity, a Wisconsin company with its principle place of business in Wisconsin, issued this policy to Superior Nut, an Illinois company with its principle place of business in Illinois. Thus, neither the policy nor any statute allows Shaw to file suit directly against Acuity, and we will grant the motion for summary judgment.

**B.   Hickory Farms and Superior Nut**

Hickory Farms and Superior Nut claim that they are entitled to summary judgment because Shaw has failed to introduce any expert testimony to establish that the allegedly defective condition of the chocolate covered peanuts caused his injuries. Shaw had substantial pre-existing treatment to, and problems or conditions associated with, the tooth that he alleges was injured by the chocolate covered twig. They aver that due to this pre-existing dental history, he is required to produce expert testimony to establish a causal connection between his dental injuries and the alleged negligent act. After a careful review, we agree.

Where a plaintiff alleges that the defendants' activity aggravated a pre-existing injury, the plaintiff must present competent expert testimony to establish causation, unless the aggravation was immediate and direct or the natural and probable result of the alleged negligent act. See Lattanze v. Silverstrini, 448 A.2d 605, 608 (Pa. Super. Ct. 1982); Dorsey v. Workers' Compensation Appeal Board (Crossing Construction Company), 893 A.2d 191,

195 n.5 (Pa. Commw. Ct. 2006).

"In a personal injury case, the plaintiff must prove the existence of a causal relationship between the injury complained of and the alleged negligent act to be entitled to recover from the injury." Hamil v. Bashline, 392 A.2d 1280, 1282 (Pa. 1978).  When a plaintiff has a pre-existing condition that produces the symptoms that he attributes to the negligence of the defendant, the plaintiff must produce expert testimony to establish the cause of the injury.  See Montgomery v. Bazaz-Sehgal, M.D., 798 A.2d 742, 751 (Pa. 2002); In re Dobrowsky, 735 F.2d 90, 92 (3d Cir. 1984) ("When an injury is not the obvious, natural or probable result of an accident, plaintiff has preliminary burden of demonstrating causation by introducing expert medical testimony"); Yoworsky v. Charles Stores Co., Inc., 172 A.2d 822, 823-24 (Pa. 1961); Kravinsky v. Glover, 396 A.2d 1349, 1354-55 (Pa. Super. Ct. 1979); Dorsey, 893 A.2d at 195 n.5.

In Montgomery, the court held that expert medical testimony was required to prove that the plaintiff's lack of sensation or sense of fulfillment from sexual intercourse and inability to achieve an erection resulted from the implantation of a penile prosthesis. 798 A.2d at 751.  The court reasoned, "absent expert testimony, the ordinary layperson would be unqualified to determine whether . . .this was a result of the prosthesis or . . . the natural progression of [the plaintiff's] pre-existing condition." Id.  In Yaworsky, the plaintiff sought damages for aggravation of a pre-existing arthritic condition caused by a fall in the defendant's store.  172 A.2d at 823.  The court found that expert testimony was required to

6

determine whether the aggravated condition was caused by the alleged negligence or was merely due to the natural progression of the arthritic condition which was the basic cause of the plaintiff's pain and disability.[2]  Id.  In Montgomery and Yoworsky, the causal link to the alleged negligent act would not be obvious to a layperson because the injury consisted of symptoms that were also common to the natural progression of the pre-existing condition. 798 A.2d at 751; 172 A.2d at 823.

It is undisputed that Shaw had a pre-existing dental condition.  His dental records from SCI Dallas reflect that he had received extensive dental treatment prior to this incident. (Def.'s Ex. D at 4-7.)  These records indicate that the injured tooth and several other teeth were afflicted with a disease or abnormality as early as January 30, 2003.  (Id.)  The dental records also indicate that in August 2003, the dentist at SCI Dallas noted that tooth fifteen had an abscess associated with tooth decay, and scheduled dental treatment for the tooth. (Id.; Def.'s Br. Supp. Summ. J. 6.)  After viewing the panoramic dental radiograph taken of the plaintiff, the defendant's expert offered his opinion that the plaintiff had "multiple pre-existing pathologies, including large and multiple dental caries[3], periodontal disease and

---

[2] In Yoworsky, the plaintiff's own physician testified that he could not determine "whether the fall had anything to do with the aggravation or not" because "an arthritic condition is a progressive one that no one knows the actual cause thereof." 172 A.2d at 823.  Therefore the court determined that the causal connection was not obvious and it "would not be proper to permit a jury to speculate on the answer to this question." Id.

[3] Caries: "the molecular decay or death of a bone, in which it becomes softened, discolored, and porous.  It produces a chronic inflammation of the periosteum and surrounding tissues, and forms a cold abscess filed with a cheesy, fetid, puslike liquid, which generally burrows through the soft parts until it opens externally by a sinus or fistula."  DORLAND'S ILLUSTRATED MEDICAL

severe decay, associated with tooth fifteen." (Def. Ex. F.) He also opined that the radiograph showed that due to an absence of an opposing tooth, tooth fifteen "bites against nothing" which makes it less likely that a tooth injury similar to Shaw's would occur because "there would not be a hard surface to force matter against tooth fifteen." (Id.) Shaw alleges that following the incident, he experienced throbbing pain, underwent dental treatment, and his tooth was extracted. Shaw's pain and dental treatment, however, are consistent with symptoms of his pre-existing tooth decay. Therefore, a lay person could not determine whether the pain and treatment was the result of the defendant's alleged negligence or the tooth decay, and expert testimony is necessary to establish causation. Accordingly, we will grant summary judgment for the defendants because Shaw has produced no expert testimony on causation. An appropriate order follows.

---

DICTIONARY 298 (30th ed. 2003).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WINSLOW SHAW,** | : | No. 3:05cv242 |
|       **Plaintiff** | : | |
| | : | (Judge Munley) |
|       v. | : | |
| | : | |
| **HICKORY FARMS, INC., SUPERIOR** | : | |
| **NUT & CANDY CO., ACUITY,** | : | |
|       **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 29th day of June 2006, it is hereby **ORDERED** that:

1) Defendant Acuity's Motion for Summary Judgment (Doc. 51) is hereby **GRANTED**; and

2) Defendant Hickory Farms' and Superior Nut's Motion for Summary Judgment (Doc. 49) is hereby **GRANTED**.

3) The Clerk of Court is directed to **CLOSE** this case and enter judgment on behalf of the defendant.

                                               **BY THE COURT:**

                                               **s/ James M. Munley**
                                               **JUDGE JAMES M. MUNLEY**
                                               **United States District Court**